IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BOBBY AKLES HILL, #241257, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:10-CV-544-WHA |
| | ) [WO] |
| | ) |
| WILLIE THOMAS, et al., | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

This cause of action is pending before the court on a 28 U.S.C. § 2254 petition for writ of habeas corpus relief filed by Bobby Akles Hill ["Hill"], a state inmate, on June 23, 2010.[1] In this petition, Hill challenges a conviction for manslaughter imposed upon him in 2005 by the Circuit Court of Tallapoosa County, Alabama. The record establishes that Hill's manslaughter conviction became final on December 14, 2006.

In accordance with the orders of this court, the respondents filed an answer in which they argue that Hill's federal habeas petition is barred by the one-year period of limitation

---

[1] The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). Hill advised that he placed the petition in the prison mail system on June 23, 2010. *Petition for Writ of Habeas Corpus Relief - Court Doc. No. 1* at 15. In light of the foregoing and for purposes of the proceedings herein, the court considers June 23, 2010, as the date of filing. The parties do not dispute this date.

applicable to 28 U.S.C. § 2254 petitions.² The respondents contend that because Hill's manslaughter conviction became final in 2006 -- after the effective date of the statute of limitations -- Hill must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition related to the conviction remained pending in the state courts. The respondents concede that Hill filed a state post-conviction petition under Rule 32, *Alabama Rules of Criminal Procedure*, on September 13, 2007 which tolled the limitation period.³ The respondents maintain that even allowing tolling of the federal limitation period during the pendency of this Rule 32 petition, the limitation period expired prior to Hill filing his federal habeas petition. *Respondents' Answer - Court Doc. No. 10* at 3; *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations...."); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state

---

² Title 28 U.S.C. § 2244(d)(1) sets forth the one-year period of limitation. This section is contained within the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which became effective on April 24, 1996.

³ Hill certified he placed the Rule 32 petition in the prison mail system on September 13, 2007. *Respondents' Exhibit M - Court Doc. No. 13-1* at 6. A pro se inmate's petition is deemed filed in federal cases the date the petition is delivered to prison officials for mailing. *Houston,* 487 U.S. at 271-272. "Alabama courts have [adopted this rule and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala.Crim.App. 1993) ("[A] pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing."). Consequently, the prison mailbox rule applies to pro se Rule 32 petitions filed in the state courts of Alabama. Thus, September 13, 2007 is the appropriate date of filing for Hill's Rule 32 petition.

2

court only tolls the time remaining within the federal limitation period."). Thus, the respondents maintain that Hill filed the present federal habeas petition after expiration of the one-year period of limitation. *Respondents' Answer - Court Doc. No. 10* at 3.

Based on the statute of limitation argument set forth by the respondents, the court entered an order advising Hill that he had failed to file his § 2254 petition within the one-year period of limitation established by 28 U.S.C. § 2244(d)(1). *Order of August 25, 2010 - Doc. No. 15.* This order also allowed Hill an opportunity to show cause why his federal habeas petition should not be barred from review by this court as untimely filed. *Id*. at 5. In response to this order and in previously filed documents, Hill contends that this court should ignore the untimeliness of his petition because failure to address the merits of his claims will result in a fundamental miscarriage of justice as he is actually innocent of the crime for which he was convicted. Hill, as he did in the state courts, bases his claim of innocence on the evidence presented at trial, including his testimony and a statement he provided to law enforcement officials that he acted in self-defense. In his statement, Hill maintains that on the afternoon of August 19, 2002, the victim attacked him through the window of a vehicle "when [Hill] grabbed a gun that [he] had just bought ... [and] shot one time, and I do not know where I hit him.... I was being beat, and I could not do anything else to get away. I shot him, but I did not mean to kill him. If he would not have come over to the car and start beating me, none of this never would have happened...."

*Respondents' Exhibit C - Doc. No. 103 (Appellate Memorandum Opinion)* at 3. At trial, "Hill testified that [the victim] attacked him while he was sitting in his vehicle, and that during the struggle he and [the victim] were reaching for and fighting for possession of the pistol which, according to Hill, discharged accidentally." *Id*. at 4.

In addressing this argument, the Alabama Court of Criminal Appeals held that "the State presented sufficient evidence to establish a prima facie case of manslaughter and to refute Hill's claim that he acted in self-defense. The State's evidence indicated that Hill called [the victim] over to him and shot [the victim] after a physical altercation on the afternoon of August 19, 2002. Hill admitted that he shot and killed [the victim] in his statement. Also, testimony indicated that Hill carried a pistol to the scene and loaded it shortly before the shooting; that Hill had made numerous threats to kill [the victim]; that Hill told his wife to '[g]et out of here,' after the shooting; and that he left the scene at a high rate of speed. The jury was properly instructed on self-defense and obviously resolved the conflicting evidence and credibility choices adversely to Hill." *Id.* at 7-8 (internal quotations and citation to the record omitted).[4]

---

[4] Hill also argues that he is entitled to retroactive application of the amended definition of self-defense enacted by the Alabama legislature on June 1, 2006, *Ala. Code*, § 13A-3-23, and, maintains that upon such application, he establishes actual innocence as this definition provides greater support for his claim of self-defense. However, this argument is foreclosed by *White v. State*, 992 So.2d 783, 785 (Ala.Cr.App. 2007). In *White*, the court determined "that the amendment to § 13A-3-23 applies only to crimes that occurred after June 1, 2006." *Id*. Since the amendment to the self-defense statute does not apply retroactively to the crime committed by Hill on August 19, 2002, reliance on this amendment entitles him to no relief from application of the federal period of limitation.

In addition, Hill argues that equitable tolling of the limitation period should be permitted during the time he resided at a mandatory residential treatment program from March 30, 2009, until August of 2009 as "there was no law library and [he] was denied access to legal council (sic), legal documentation, ... could only call immediate family, ... [and was] denied communications with anyone except those in the program...." *Petitioner's Response - Doc. No. 16* at 2.  Hill further asserts that his limited legal knowledge entitles him to equitable tolling of the limitation period.

Upon review of the pleadings filed by the parties, the undisputed state court record and applicable federal law, the court determines that no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes that the present habeas petition is due to be denied as Hill failed to file the petition within the applicable one-year period of limitation.

## II.  DISCUSSION

### A.  Actual Innocence - Independent Claim

To the extent that Hill argues he is entitled to federal habeas relief because he is actually innocent of manslaughter, the law is well settled "that '[c]laims of actual innocence based on [previously available or] newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.' *Herrera v. Collins,* 506

U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993). It is not our role to make an independent determination of a petitioner's guilt or innocence based on evidence [presented at trial or] that has emerged since the trial. 'This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution--not to correct errors of fact.' *Id.*" *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Jordan v. Secretary Dept. of Corrections*, 485 F.3d 1351, 1356 (11th Cir. 2007) (federal habeas relief not available for free-standing, non-capital claims of actual innocence). Thus, Hill is entitled to no relief from this court with respect to any independent claim of actual innocence.

### B. Actual Innocence - Gateway to Excuse Time Bar

Throughout his pleadings, Hill maintains he acted in self-defense, which he argues establishes his actual innocence of manslaughter, which in turn serves as a "gateway" through which this court may consider those claims that are otherwise barred by the AEDPA's one-year limitation period. In support of this claim, Hill relies on the same self-defense argument as he set forth at trial and on direct appeal.[5]

This court must determine whether Hill has made a showing of actual innocence before addressing whether the claims for federal habeas relief are barred by the statute of

---

[5] As previously noted, *infra* at 4, n.4, the amended self-defense statute is not applicable to the offense for which Hill was convicted as this offense occurred several years prior to enactment of the amendment. *White*, 992 So.2d at 785. Thus, any reliance on the amended definition of self-defense is without merit and provides no basis for federal habeas relief.

limitations. *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000). "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable [trier of fact] would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States,* 523 U.S. 614, 623 (1998). "[T]he *Schlup* standard is demanding and permits review only in the '"extraordinary"' case." *House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 2077 (2006). Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." *Id*. at 537. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). *Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." 513 U.S. at 324; *Rozzelle v.*

*Secretary, Florida Dept. of Corrections*, 672 F.3d 1000, 1011 (11th Cir. 2012) ("[T]he alleged exception for AEDPA untimeliness would require the petitioner (1) to present 'new reliable evidence ... that was not presented at trial,' *Arthur [v. Allen*, 452 F.3d 1234, 1245 (11th Cir.), *modified*, 459 F.3d 1310 (2006)] (quoting *Schlup*, 513 U.S. at 324, 115 S.Ct. at 865), and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence. *Johnson [v. Florida Dept. of Corrections*, 513 F.3d 1328, 1334 (11th Cir. 2008)] (quoting *Schlup*, 513 U.S. at 327, 115 S.Ct. at 867); *see also House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 2077, 165 L.Ed.2d 1 (2006).").

Hill's assertion of self-defense is the same argument he presented at trial and which the jury rejected. Moreover, with respect to the allegations referenced by Hill regarding the State's failure to prove essential elements of the offense, these allegations merely go to the sufficiency of and/or the weight afforded the evidence presented, issues decided adversely to Hill by the jury, and clearly fail to establish Hill's actual innocence of manslaughter. Consequently, these assertions do not constitute "new reliable evidence" of Hill's actual innocence and Hill fails to demonstrate any such evidence exists to establish his actual innocence so as to meet the standard set forth by *Schlup*. The instant petition for federal habeas corpus relief is therefore properly analyzed under the provisions of 28 U.S.C. § 2244(d)(1)(A).

### C. The Federal Period of Limitation

The Anti-Terrorism and Effective Death Penalty Act of 1996 amended the habeas corpus statute to include a one-year period of limitation on petitions of state inmates filed pursuant to 28 U.S.C. § 2254. This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. Where a petitioner preserves his right to file a

9

petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the United States Supreme Court denies certiorari or the time to apply for certiorari expires. *Id.*

A duly empaneled jury before the Circuit Court of Tallapoosa County, Alabama, convicted Hill of manslaughter on April 13, 2005, and the court thereafter imposed sentence upon Hill for this conviction on June 1, 2005. Hill filed a direct appeal of his manslaughter conviction and the Alabama Court of Criminal Appeals affirmed the conviction by memorandum opinion on May 19, 2006. *Respondents' Exhibit C - Doc. No. 10-3*. The appellate court subsequently denied Hill's application for rehearing. *Respondents' Exhibit D - Doc. No. 10-4*. On September 15, 2006, the Alabama Supreme Court denied Hill's petition for writ of certiorari. *Respondents' Exhibit E - Doc. No. 10-5*.

Hill did not further appeal his manslaughter conviction. By operation of law, the petitioner's manslaughter conviction became final on December 14, 2006 -- ninety days after the Alabama Supreme Court's denial of certiorari -- as this is the date on which the time expired for the petitioner to file a petition for writ of certiorari with the United States Supreme Court. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court). The federal limitation period therefore began to run on December 15, 2006.[6]

    **1. Statutory Tolling of the Limitation Period**. Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." The court finds that the limitation period ran for 272 days after Hill's manslaughter conviction became final until

---

[6] In computing the federal period of limitation, "exclude the day of the event that triggers the period[.]" Rule 6(a)(1)(A), *Federal Rules of Civil Procedure*.

the filing of a Rule 32 petition in the Circuit Court of Tallapoosa County on September 13, 2007. *Respondents' Exhibit M - Court Doc. No. 13-1* at 6. This state post-conviction petition remained pending in the state courts until denial of Hill's petition for writ of certiorari by the Alabama Supreme Court and issuance of the certificate of judgment on February 20, 2009. At this time, Hill had 93 days remaining within which to timely file a federal habeas petition. The federal limitation period therefore began to run again on February 21, 2009 and, absent equitable tolling, the time allowed Hill for filing a federal habeas petition would expire on May 26, 2009.[7]

    **2. <u>Equitable Tolling of the Limitation Period</u>**. Case law directs that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997). Such tolling

---

[7] Under this calculation, the last day of the limitation period -- May 24, 2009 -- fell on a Sunday and the next day of the period constituted a federal holiday (Memorial Day). Hill therefore had until the end of the following Tuesday, May 26, 2009, to timely file a federal habeas petition. Rule 6(a)(3), *Federal Rules of Civil Procedure.*

applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080, 122 S.Ct. 1965, 152 L.Ed.2d 1025 (2002) .

With respect to Hill's argument that equitable tolling of the limitation period is warranted due to his limited knowledge of the law and his *pro se* status, he is entitled to no relief from this court. The law is well settled that an inmate's lack of legal knowledge, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to justify equitable tolling. *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (pro se status and ignorance of the law do not justify equitable tolling); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000), *cert. denied*, 534 U.S. 863, 122 S.Ct. 145, 151 L.Ed.2d 97 (2001) (lack of legal knowledge or legal resources, even in a case involving a pro se inmate, does not warrant equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001) (a petitioner's pro se status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 1999), *cert. denied*,

531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000) (ignorance of the law and pro se status do not constitute "rare and exceptional" circumstances justifying equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir.), *cert. denied*, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000) (petitioner's pro se status throughout most of the period of limitation does not merit equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed.2d 389 (1999) (unfamiliarity with the legal process during the applicable filing period did not merit equitable tolling); *Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling.").

Hill also asserts that he is entitled to equitable tolling from March 30, 2009, until sometime in August of 2009 while he was participating in a state ordered residential treatment program, as officials operating the program denied him access to legal materials and prevented him from communicating with the court. For purposes of this Recommendation, the court assumes *arguendo* that Hill is entitled to equitable tolling from the time he entered the program on March 30, 2009, until his latest possible release date in August of 2009 - August 31, 2009. Thus, the limitation period ran an additional 37 days from February 21, 2009 – the date of final disposition of his Rule 32 petition, until March 29, 2009. At this time, the limitation period had run for a total of 309 days. Allowing equitable tolling during the time Hill remained in the residential treatment program, Hill,

upon his exit from the program, had 56 days of the limitation period remaining within which to timely file a federal habeas petition. Hill has presented no allegations which warrant equitable tolling of the limitation period upon his leaving the residential treatment program in August of 2009 – the latest possible date being August 31, 2009. Consequently, the limitation period again began to run on September 1, 2009, and ran uninterrupted until its expiration on October 26, 2009.

      3. **Expiration of the Limitation Period**. Under the circumstances of this case, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired on October 26, 2009. Hill filed the instant federal habeas petition on June 23, 2010, over seven months after expiration of the limitation period. Hill has failed to demonstrate that this petition should not be dismissed as untimely filed.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

      1. The 28 U.S.C. § 2254 petition for habeas corpus relief filed by Bobby Akles Hill be denied as Hill failed to file the petition within the one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1).

      2. This case be dismissed with prejudice.

It is further

ORDERED that on or before September 21, 2012, the parties may file objections

to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 7th day of September, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE